IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CR-10-3-F
No. 4:09-CV-159-F

| | |
|---|---|
| ARNULFO RAFAEL SALICIDO DEHUMA )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court for ruling on the Government's Motion to Dismiss [DE-88] Arnulfo Rafael Salicido Dehuma's ("Dehuma") "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to 28 U.S.C. § 2255 [DE-77 & 82]. Also pending is Dehuma's "Motion for . . . Court Records and to Proceed . . . In Forma Pauperis [DE-78].

On July 16, 2007, Dehuma pled guilty without a plea agreement to both of the two methamphetamine trafficking counts in which he was charged in a three-count Indictment [DE-1]. A sentencing hearing was conducted on November 16, 2007, during which the court overruled defense counsel's objection to the Probation Officer's recommendation that Dehuma receive a three-point, rather than a four-point, adjustment to his offense level in light of his role in the offense. Defense counsel argued that Dehuma's role had been minimal. Even had that objection been sustained, however, it would not have saved Dehuma from the mandatory minimum 120-month sentence on each count.

In fact, Dehuma received the mandatory minimum 120-month sentence on each count, to run concurrently. Dehuma's pleading "straight up" preserved his right to file a direct appeal, which he did in a timely manner. *See* [DE-56]. Dehuma's appointed appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning the reasonableness of Dehuma's sentence. Although Dehuma received notice of his right to file a

pro se supplemental brief, he did not do so. The Fourth Circuit Court of Appeals affirmed his sentence, observing that Dehuma received the lowest possible sentence under the circumstances. *See United States v. Dehuma*, No. 07-5107 (4th Cir. Aug. 13, 2008).

Dehuma filed the instant § 2255 motion in a timely manner in September 2009, seeking relief on grounds that his trial counsel rendered ineffective assistance at sentencing by failing to object to the proposed finding in his Presentence Report that he "did not meet the 5th prong of 18 U.S.C. § 3553(f), which requires that the defendant truthfully provide to the government all information and evidence he has concerning the offense." That is, he contends his lawyer was ineffective for failing to seek application of the "safety valve" so as to avoid the mandatory minimum 10-year sentence. The matter now is before the court on the Government's motion [DE-88] filed on January 4, 2010, seeking dismissal of Dehuma's § 2255 action for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6).

Initially, the Government contends that Dehuma's § 2255 motion should be dismissed as procedurally defaulted – that is, the Government contends Dehuma may not raise the safety valve issue on collateral review because he did not do so on direct appeal. In so arguing, the Government misses the gravamen of the constitutional claim on which is § 2255 motion is based – ineffective assistance of counsel. Dehuma is not attempting to raise the substantive safety valve issue on collateral review. Moreover, his ineffective assistance claim is not defaulted because "[a]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003).

The Government, nevertheless, goes on to argue that Dehuma's § 2255 must be dismissed for failure to state a claim because Dehuma has not demonstrated that he was entitled to the benefit of the safety valve provision and, therefore, his attorney could not have been ineffective for failing to raise the issue. Again, the Government is incorrect. Its pending motion

2

is for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). On a Rule 12(b)(6) motion, the court assesses the adequacy of the complaint, not the evidence. *See Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir.2010) (" 'The court's function on a 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the . . . complaint alone is legally sufficient to state a claim for which relief may granted.' ") (citation omitted).

The Supreme Court in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009), stated that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 1949 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Each claim's factual allegations must plausibly suggest a viable claim; the claim must be plausible, not merely conceivable. *See Francis v. Giacomelli*, 588 F.3d 186, 192-93 (4th Cir. 2009) ("determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense' ") (quoting *Iqbal*, 129 S. Ct. at 1950). Applying the *Twombly/Iqbal* standard to the instant case, the court finds that Dehuma has plausibly stated a claim under the Constitution alleging a violation of his right to the effective assistance counsel, because his trial counsel failed to object to the finding and recommendation in the Presentence Report that Dehuma not be afforded the benefit of the safety valve.

The court does not read Dehuma's § 2255 motion to allege that he was entitled to the safety valve because he received credit for a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Rather, Dehuma contends that failure of his trial counsel to lodge an objection to the Presentence Report or otherwise to secure an opportunity

3

to raise the safety valve issue at sentencing, constituted ineffective assistance. Whether Dehuma ultimately will be successful in proving that claim remains to be seen. Dehuma's § 2255 motion adequately pleads it, however, and the Government's Motion to Dismiss [DE-88] is DENIED.

The Clerk of Court is DIRECTED to schedule this matter for hearing during this court's **March 21, 2011**, term of court in Wilmington, North Carolina. The Federal Public Defender is DIRECTED to appoint counsel to represent Dehuma in this § 2255 action. Dehuma's Motion Requesting Court Records and to Proceed In Forma Pauperis [DE-78] is ALLOWED as follows: the Clerk of Court is DIRECTED to provide to Dehuma's appointed counsel a copy of Dehuma's Rule 11 and Sentencing hearing transcripts upon counsel's filing a Notice of Appearance.

SO ORDERED.

This, the 29 day of October, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge